## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:11-cv-02277-PAB-MJW

JACK DANIEL'S PROPERTIES, INC., a Delaware corporation,

Plaintiff,

v.

BEVERAGE RESOURCES INTERNATIONAL, INC., a Colorado corporation,
JAKK'D HOLDINGS, LLC, a Colorado limited liability company, and
JACK BARRECA, an individual,

Defendants.

---

**PROTECTIVE ORDER**  ( Dcket no 2 x-1 )

---

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), and having found good cause, it is hereby ORDERED THAT:

**A.**     **Definitions**

1.     "Party": any party to this action, including all of its officers, directors, and employees.

2.     "Material": all information, documents and things produced, served or otherwise provided in this action by the Parties or by non-parties.

3.    "CONFIDENTIAL" Material: information, documents, and things the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

4.    "ATTORNEYS' EYES ONLY" Material: information, documents, and things the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.  The designation is reserved for information that constitutes proprietary financial or technical or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business, including information obtained from a nonparty pursuant to a current Non-Disclosure Agreement ("NDA"), information relating to future products, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents and licensing communications, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

5.    "Producing Party": a Party or non-party that produces Material in this action.

6.    "Receiving Party": a Party that receives Material from a Producing Party.

2

7.    "Designated Material": Material that is designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Order.

8.    "Designating Party": a Party or non-party that designates Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

9.    "Counsel of Record": (i) outside counsel who have filed an appearance in this action on behalf of one or more Parties; (ii) partners, associates and employees of such counsel to whom it is reasonably necessary to disclose information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters; and (iii) independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action.

10.    "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of an opposing Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of an opposing Party.

11.    "Professional Vendors": persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist

them in their work.   Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

**B.**   **Scope**

12.   The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, regardless of the manner disclosed.   Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or the Court's deadlines provided in any scheduling order.   Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado ("D.C.COLO.LCivR") and/or any relevant scheduling order issued by the Court.

**C.**   **Access To Designated Material**

13.   CONFIDENTIAL Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document or thing designated "CONFIDENTIAL" only to:

(a)   Employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation;

(b)   Persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(c)   Counsel of Record;

4

(d)     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(e)     Witnesses at deposition and/or trial, pursuant to the provisions of Paragraphs 21 and 22, below, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

(f)     The Court and its personnel;

(g)     Any designated arbitrator, mediator, or special master who is assigned to hear this matter (or any part thereof), and his or her staff, who have signed the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(h)     Court reporters;

(i)     Professional vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A; and

(j)     Any other person to whom the parties must first agree.

14.     ATTORNEYS' EYES ONLY Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, documents or things designated "ATTORNEYS' EYES ONLY" Material only to the following persons and under the following conditions:

(a)     Persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

5

(b)     Counsel of Record;

(c)     Subject to the notice and objection procedures of Paragraphs 17 and 18 below, Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(d)     Witnesses at deposition and/or trial, pursuant to the provisions of Paragraphs 21 and 22, below, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

(e)     The Court and its personnel;

(f)     Any designated arbitrator, mediator, or master who is assigned to hear this matter (or any part thereof), and his or her staff, who have signed the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(g)     Court reporters; and

(h)     Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

15.     Each person to whom Designated Material may be disclosed, and who, pursuant to Paragraphs 13 and 14, is required to sign the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, shall do so prior to the time such Designated Material is disclosed to him or her.  Counsel for a party who makes any disclosure of Designated Material shall retain each original executed certificate and, upon written request, shall provide copies to Counsel of Record to all other parties at the termination of this action.

16.   At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Protective Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed. Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such Material. Any Party intending to disclose or discuss Designated Material at pretrial or trial proceedings must give sufficient advance notice to the Producing Party so as to allow the Producing Party reasonable time to assure the implementation of the terms of this Protective Order.

**D.** **Access By Outside Consultants**

17.   Notice. If a Receiving Party wishes to disclose another party's Designated Material to any Outside Consultant, such Receiving Party must provide notice to counsel for the Designating Party, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV, including, but not limited to, a list of any publications; (e) any previous or current relationship (personal or professional) with any of the parties; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last seven years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years; and (h) a signed copy of the "Acknowledgment and Agreement To Be Bound By Protective Order" attached as Exhibit A.

18.   Objections. The Designating Party shall have ten (10) calendar days from receipt of the notice specified in Paragraph 17 to object in writing to such disclosure (plus three (3) extra

7

days if notice is given other than by hand delivery, e-mail transmission or facsimile transmission).  Any such objection must set forth in detail the grounds on which it is based. After the expiration of the 10-day (plus 3-days, if appropriate) period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order.  However, if the Designating Party objects within the 10-day (plus 3-days, if appropriate) period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order.  In the event the Designating Party makes a timely objection, the parties shall meet and confer to try to resolve the matter by agreement.  If the parties cannot reach an agreement, the Objecting Party may within ten (10) business days following its objection, file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant or for other appropriate relief.  If the Objecting Party fails to file a motion for protective order within the prescribed period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to such individual (upon signing the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A).  If the Objecting Party files a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court or by the consent of the Objecting Party, whichever occurs first.

E.    **Use Of Designated Material**

19.    **Use Of Designated Material By Receiving Party.**  Unless otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Material shall be used by the Receiving Party only for purposes of this litigation and shall not be used in any other way.

8

20.     **Use Of Designated Material By Designating Party.** Nothing in this Order shall limit any Designating Party's use of its own confidential information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

21.     **Use of Designated Material at Depositions.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Designated Material of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a)     A present director, officer, employee, designated Rule 30(6)(b) witness, and/or Outside Consultant of a Producing Party may be examined and may testify concerning all Designated Material which has been produced by that party.

(b)     A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

(c)     Non-parties may be examined or testify concerning any document containing Designated Material of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result

of any contact or relationship with the Producing Party, or a representative of such Producing Party.

Any person other than (i) the witness, (ii) his or her attorney(s), or (iii) any person qualified to receive Designated Material under this Order, shall be excluded from the portion of the examination concerning such information, unless the Designating Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to sign the "Acknowledgment and Agreement To Be Bound By The Protective Order" in the form of Exhibit A hereto. In the event that such attorney declines to sign such an "Acknowledgment and Agreement To Be Bound By The Protective Order," prior to the examination, the parties, by their attorneys, may jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

22.     A witness who previously had access to a document designated "ATTORNEYS' EYES ONLY" but who is not under a present non-disclosure agreement with the Producing Party that covers that document, may be shown the document if a copy of this Protective Order is attached to any subpoena or notice or request served on the witness for the deposition; and the witness is advised on the record of the existence of the Protective Order and that the Protective Order requires the parties to keep confidential any questions, testimony or documents that are designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The witness may not copy, take notes on or retain copies of any Designated Material used or reviewed at the deposition. The witness may not take out of the deposition room any exhibit that is marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The Producing Party of any

Designated Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of counsel representing a Party in this case (or another firm acting for one of the counsel representing a Party in this case and under the supervision of one of the lawyers who is bound by the terms of this Order).

**F.   Procedure for Designating Materials**

23.    Subject to the limitations set forth in this Order, a Designating Party may designate as "CONFIDENTIAL" information the Designating Party believes, in good faith, meets the definition set forth in Paragraph 3 above and a Designating Party may designate as "ATTORNEYS' EYES ONLY" information the Designating Party believes, in good faith, meets the definition set forth in Paragraph 4 above.

24.    Any material (including physical objects) made available for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "ATTORNEYS' EYES ONLY" information and shall be subject to this Order as if designated "ATTORNEYS' EYES ONLY." Thereafter, the Producing Party shall have ten (10) calendar days from the inspection to review and designate the appropriate documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or as "NON-CONFIDENTIAL" prior to furnishing copies to the Receiving Party.

25.    Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be designated in accordance with this Section F before the material is disclosed or produced.

26.     Designation in conformity with this Order requires:

(a)     For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page that contains Designated Material.

(b)     For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." All deposition transcripts not marked at least "CONFIDENTIAL" during the deposition will nonetheless be treated as "ATTORNEYS' EYES ONLY" until fifteen (15) days after receipt of the final transcript, in order to allow counsel to review the transcript and designate portions thereof in accordance with this Protective Order. Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as instructed by the Designating Party.

(c)     For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

**G.     No Waiver of Privilege**

27.     Pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502, inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity

12

from discovery if, after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party promptly designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity, and requests in writing return of such documents to the Producing Party with the basis for the assertion of privilege or immunity. Upon request by the Producing Party, the Receiving Party shall promptly return all copies of such inadvertently produced document(s), and shall not use or disclose any inadvertently produced material or information for any purpose unless and until the asserted privileges or immunities have been successfully challenged or withdrawn. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, except that no such challenge may assert the inadvertent or unintentional disclosure as a ground for requiring production.

## H.    **Inadvertent Failure To Designate**

28.    An inadvertent failure to designate qualified Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such Material. Upon discovery of an inadvertent failure to designate, as soon as reasonably possible but no later than ten (10) business days, a Producing Party or Designating Party may notify the Receiving Party in writing that the material is to be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" with the basis for such designation(s). Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right

to challenge the propriety of such designation(s).  The Designating Party shall promptly provide substitute copies of documents bearing the confidentiality designation.

## I.   Filing Designated Material

29.    Any    pleading,    brief,    declaration,    affidavit,    or    other    filing    marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information shall be filed electronically under seal pursuant to the requirements of D.C.COLO.LCivR 7.2 and Section VI of the Court's "Electronic Case Filing Procedures for the District of Colorado (Civil Cases)."   The Clerk of Court is directed to maintain under seal all material filed in this Action which has been marked or designated, in whole or in part, as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and filed in accordance with this Paragraph.   The sealed material shall not be opened or released from the custody of the Clerk of Court except by order of the Court.

## J.   Challenges to Confidentiality Designations

30.    The parties will use reasonable care when designating documents or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."   Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" have been improperly designated.   A Receiving Party may at any time request that the Producing Party cancel or modify such designations with respect to any document or information contained therein.

31.    A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.   Such a challenge shall be written, shall be served

on counsel for the Designating Party, and shall particularly identify the Designated Material that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If agreement cannot be reached within ten (10) calendar days of notice being provided, the Receiving Party shall request that the Court cancel or modify the designation set by the Producing Party. The burden shall be on the Designating Party to show that the designation is proper.

**K.** **Protected Material Subpoenaed or Ordered Produced In Other Litigation**

32.     If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax or e-mail) promptly and in no event more than ten (10) calendar days after receiving such subpoena or order. Such notification must include a copy of such subpoena or order. The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

15

**L.      Unauthorized Disclosure Of Designated Material**

33.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A.

**M.      Non-Party Use of This Protective Order**

34.      A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

35.      A non-party's use of this Protective Order to protect its "CONFIDENTIAL" Materials or "ATTORNEYS' EYES ONLY" Materials does not entitle that non-party access to "CONFIDENTIAL" Materials or "ATTORNEYS' EYES ONLY" Materials produced by any Party in this case.

**N.      Discovery from Outside Consultants**

36.      Outside Consultants, who serve as testifying experts, shall not be subject to discovery of any draft report, notes, outlines, or the like prepared by or on behalf of the testifying expert, and which relates to an expert report submitted in this case pursuant to Fed. R. Civ. P. 26(a)(2).

37.     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony or any opinion in this case.  No discovery can be taken from any Outside Consultant who does not testify except to the extent any Outside Consultant has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial and/or deposition testimony or any opinion in this case.

38.     No conversations or communications between counsel and any Outside Consultant will be subject to discovery unless the conversations or communications are relied upon by a testifying expert in formulating opinions that are presented in reports or trial or deposition testimony in this case.

39.     Materials, communications and other information exempt from discovery under the foregoing Paragraphs shall be treated as attorney-work product for the purposes of this litigation and Protective Order.

**O.     Duration**

40.     Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**P.     Final Disposition**

41.     Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days following the first to occur of (i) the complete resolution of this case through entry of a final non-appealable judgment or order for which appeal has been exhausted,

or (ii) the complete settlement of all claims against all the Parties in this action, the Receiving Party must submit a written confirmation of the return or destruction of all Designated Material to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline.  Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material.  Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section P (Duration), above.  As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material.

**Q.**   **Miscellaneous**

42.   Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the Counsel of Record for the Party against whom such waiver will be effective.

43.   This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection or to relax or rescind any or all restrictions of this Order, when necessity requires.  Nothing in this Order abridges the right of any person to seek to assert other objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to the use in

evidence of any of the material covered by this Protective Order. The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

44.    This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

45.    Nothing contained herein shall impose any restrictions on the use, (*e.g.,* reexamination request, etc.) or disclosure by a party of Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that:

(a)    Was, is, or becomes public knowledge in a manner other than by violation of this Stipulated Protective Order;

(b)    Is acquired by the non-designating party from a third party having the right to disclose such information or material; and/or

(c)    Was lawfully possessed by the non-designating party prior to the entry of this Order by the Court.

46.    Nothing contained herein shall constitute a waiver of:

(a)    Any party's right to object to any discovery request on any ground;

(b)    Any party's right to seek an order compelling discovery with respect to any discovery request;

(c)    Any party's right in any proceeding in this lawsuit to object to the admission of evidence on any ground; and/or

(d)      Any party's right to use and/or disclose its own documents and its own "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Designated Material in its sole and complete discretion.

47.      The United States District Court for the District of Colorado is responsible for the interpretation and enforcement of this Protective Order. *until Termination of This Case* All disputes concerning Designated Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Colorado. Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

48.      The Court reserves the right, upon Motion or upon its own Motion, to amend or modify this Stipulated Protective Order for good cause shown.

DATED at Denver, Colorado, this ___ day of _November_, 2011.

BY THE COURT:

Michael J. Watanabe
United States Magistrate Judge

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**
**BY PROTECTIVE ORDER**

I, _____ [print or type full name], state:

1.      I reside at _____ ;

2.      My present employer is _____ ;

3.      My present occupation or job description is _____ ;

4.      I agree to keep confidential all information provided to me in the matter of <u>Jack Daniel's Properties, Inc. v. Beverage Resources International, Inc., Jakk'd Holdings, LLC and Jack Barreca</u>, Civil Action No. 1:11-cv-02277-PAB-MJW, in the United States District Court for the District of Colorado, and to be subject to the authority and jurisdiction of that Court in the event of any violation or dispute related to this agreement.

5.      I agree to use any confidential information provided to me in this matter for the purposes of this litigation only, and will not use such information in any other way.

6.      I have been informed of and have reviewed the Stipulated Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Stipulated Protective Order except in accordance with the provisions of the Order.

7.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____
[printed name]

_____
[signature]