IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02277-PAB-MJW

JACK DANIEL'S PROPERTIES, INC., a Delaware corporation,

    Plaintiff,

v.

BEVERAGE RESOURCES INTERNATIONAL, INC., a Colorado corporation,
JAKK'D HOLDINGS, LLC, a Colorado limited liability company, and
JACK BARRECA, an individual,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Joint Motion for Entry of Final Judgment by Consent with Permanent Injunction [Docket No. 49] filed by plaintiff Jack Daniel's Properties, Inc. and defendants Beverage Resources International, Inc. and Jack Barreca.[1]  In their motion, the parties state that they have reached a settlement agreement and request that the Court enter a permanent injunction to fully resolve their dispute.  The Court has reviewed the pleading and is fully advised in the premises.  Given that defendant Jakk'd Holdings, LLC cannot consent to a permanent injunction

---

[1] On November 14, 2011, the Court issued an Order allowing defense counsel to withdraw representation for defendant Jakk'd Holdings, LLC [Docket No. 25].  Because Jakk'd Holdings, LLC ("Jakk'd") is a company, it cannot proceed *pro se*.  *See Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001).  The Court ordered Jakk'd to show cause why default should not enter for its failure to retain new counsel [Docket No. 26].  Jakk'd failed to respond to the Order to Show Cause, and the Court directed the clerk of the court to enter default [Docket No. 50].  On June 4, 2012, default entered against Jakk'd [Docket No. 51].

because it is not represented by counsel, the Court denies this motion as to Jakk'd Holdings, LLC and will issue a separate Order with respect to that defendant.

Accordingly, it is

**ORDERED** that the Joint Motion for Entry of Final Judgment by Consent with Permanent Injunction [Docket No. 49] is **GRANTED** in part as indicated in this Order.  It is further

**ORDERED** that, pursuant to 15 U.S.C. § 1116, defendants Beverage Resources International, Inc. and Jack Barreca, and each of their respective officers, agents, servants, employees, members, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, shall be permanently restrained and enjoined from manufacturing, producing, advertising, promoting, displaying, shipping, offering for sale, selling, or distributing "JAKK'D" prepared alcoholic cocktails as depicted in Docket No. 49-3.  It is further

**ORDERED** that defendants Beverage Resources International, Inc. and Jack Barreca shall be permanently enjoined from using, reproducing, or displaying promotional items bearing the mark "JAKK'D" and other similar marks as depicted in Docket No. 49-4.  It is further

**ORDERED** that defendants Beverage Resources International, Inc. and Jack Barreca shall be permanently enjoined from using, in connection with the manufacture, promotion, advertisement, marketing, offering for sale, sale, or distribution of any alcoholic beverage bearing the marks "JAKK'D," "JACK'D," "JAC'D," and "JAK'D" and

any other mark, name, or domain name that is confusingly similar to Jack Daniel's Properties, Inc.'s "JACK DANIEL'S" or "JACK" marks. It is further

**ORDERED** that Beverage Resources International, Inc. and Jack Barreca shall be permanently enjoined from using the mark "JAKK'D" in connection with any other goods or services for a period of one year following the entry of this Order. It is further

**ORDERED** that, without the prior written consent of Jack Daniel's Properties, Inc., defendants Beverage Resources International, Inc. and Jack Barreca shall be permanently enjoined from using, in connection with the manufacture, promotion, advertisement, marketing, offering for sale, sale, and distribution of any alcoholic beverage, a product color scheme featuring predominantly white lettering and/or graphic elements appearing against a predominantly black background. It is further

**ORDERED** that defendants Beverage Resources International, Inc. and Jack Barreca shall be permanently enjoined from using the trade name "Jakk'd Holdings, LLC" and the domain names "getjakkd.com," get-jakkd.com," and "jakkd.com." It is further

**ORDERED** that defendants Beverage Resources International, Inc. and Jack Barreca shall be permanently enjoined from doing any other acts or activities that are likely to cause persons to believe that their goods, services, or commercial activities originate or are associated with, or are licensed, sponsored, endorsed, or otherwise authorized by Jack Daniel's Properties, Inc. It is further

**ORDERED** that, within 10 days of the date of entry of this Order, defendants Beverage Resources International, Inc. and Jack Barreca shall transfer, or cause to be

transferred to Jack Daniel's Properties, Inc. or its designee, the domain names "jakkd.com," "getjakkd.com," "get-jakkd.com," and any other domain names owned or controlled by defendants containing the mark "jakkd." It is further

**ORDERED** that, within 10 days of the date of entry of this Order, defendant Jack Barreca shall dissolve Jakk'd Holdings, LLC with the Colorado Secretary of State. It is further

**ORDERED** that, within 45 days of the entry of this Order, defendant Jack Barreca shall destroy, or cause to be destroyed, the current inventory of no more than 2,255 cases (filled and unfilled bottles) of Jakk'd beverages located at the Temperance Distilling Company in Temperance, Michigan, and the current inventory of no more than 11 cases of bottles in defendant Jack Barreca's possession. It is further

**ORDERED** that, within 50 days of the entry of this Order, defendants Beverage Resources International, Inc. and Jack Barreca shall file with the Court and serve on counsel for Jack Daniel's Properties, Inc. a written report, signed under oath, setting forth in detail the manner in which defendants have complied with this Order. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 41(a), all claims for monetary relief asserted by plaintiff Jack Daniel's Properties, Inc. are dismissed with prejudice against defendants Beverage Resources International Inc. and Jack Barreca, with each party to bear its own attorneys' fees and costs.

DATED September 6, 2012.

                                         BY THE COURT:

                                         s/Philip A. Brimmer
                                         PHILIP A. BRIMMER
                                         United States District Judge