IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02277-PAB-MJW

JACK DANIEL'S PROPERTIES, INC., a Delaware corporation,

    Plaintiff,

v.

BEVERAGE RESOURCES INTERNATIONAL, INC., a Colorado corporation,
JAKK'D HOLDINGS, LLC, a Colorado limited liability company, and
JACK BARRECA, an individual,

    Defendants.

---

## ORDER

---

    This matter is before the Court on the Unopposed Motion to Vacate June 4, 2012 Order [Docket No. 52] filed by plaintiff Jack Daniel's Properties, Inc. ("JDPI"). In the motion, JDPI requests that the Court vacate the Entry of Default [Docket No. 51] entered against defendant Jakk'd Holdings, LLC. Docket No. 52 at 2.

    On November 14, 2011, Magistrate Judge Michael J. Watanabe issued an Order allowing counsel for defendant Jakk'd Holdings, LLC ("Jakk'd") to withdraw [Docket No. 25]. On the same day, the magistrate judge ordered Jakk'd to show cause why default should not enter for its failure to retain new counsel [Docket No. 26]. On December 16, 2011, JDPI filed a motion for entry of default against Jakk'd pursuant to Rule 55(a) [Docket No. 34]. Because Jakk'd failed to respond to the Order to Show Cause, the magistrate judge recommended that the Clerk of Court enter a default against Jakk'd. *See* Docket No. 37. The Court accepted the Recommendation [Docket No. 50] and

directed the clerk of the court to enter default. On June 4, 2012, default entered against Jakk'd [Docket No. 51].

In the present motion, JDPI states that it filed a Joint Motion for Entry of Final Judgment [Docket No. 49] with defendants Beverage Resources International, Inc. and Jack Barreca. Docket No. 52 at 2. JDPI claims that, although Jakk'd is currently in default, Mr. Barreca, as an officer of Jakk'd, has indicated that he does not oppose vacating the entry of default. *Id*. at 1. JDPI therefore requests that the Court vacate the entry of default against Jakk'd and, instead, grant the joint motion for entry of final judgment. *Id*.

As a general matter, "a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) (citation omitted). Courts have interpreted the rule to mean that limited liability companies cannot prosecute cases without representation from an attorney, even if they only have one member. *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008); *accord Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (finding that "a limited liability company also may appear in federal court only through a licensed attorney."); *see also Roscoe v. United States*, 134 F. App'x 226, 227 (10th Cir. 2005) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citation omitted).

In this case, the magistrate judge recommended the entry of default against Jakk'd because of its failure to retain counsel. Mr. Barreca, even as a director of Jakk'd, cannot represent the interests of Jakk'd in this litigation. *Wahatoyas*, 253 F.3d at 556. Without representation, Jakk'd cannot properly appear before this Court and cannot be bound by an order issued pursuant to its "consent," as opposed to an order issued pursuant to a default judgment. Therefore, the Court will deny JDPI's motion to vacate default.

Based on the foregoing, it is

**ORDERED** that plaintiff's Unopposed Motion to Vacate Order dated June 4, 2012 (Doc. No. 50) [Docket No. 52] is **DENIED**. It is further

**ORDERED** that any motion for default judgment pursuant to Fed. R. Civ. P. 55(b) shall be filed on or before September 17, 2012. The motion shall be served upon defendant Jakk'd Holdings, LLC by mailing a copy, along with this Order, to the address listed on the docket.

DATED September 7, 2012.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge